## MATTER OF BLAICH

### In Section 245 Proceedings

### A-19568960
### A-20516329

*Decided by Regional Commissioner May 15, 1975*

The applicants are husband and wife, and seek adjustment of status under section 245 of the Immigration and Nationality Act. The male applicant alleges that he is a religious worker who is eligible for a blanket labor certification under Schedule A of 29 CFR 60.7 as established by the Labor Department, which will satisfy the labor certification requirement of section 212(a)(14) of the Act. The district director denied the applications but certified the cases to the Regional Commissioner for decision pursuant to 8 CFR 103.4. Where the record showed that the applicant will be employed for 20 hours a week by a synagague to provide religious instruction and spiritual and moral guidance to the members, and also will be employed as a religious teacher in a Hebrew High School for 20 hours a week, the application for permanent residence was approved.

ON BEHALF OF APPLICANTS: William J. Bluestein, Esquire
130 South Robertson Blvd.,
Suite 200
Beverly Hills, California 90211

These cases have been certified to the regional commissioner for a decision pursuant to Title 8, Code of Federal Regulations (8 CFR) Section 103.4. The district director denied the applications reasoning that the applicants are subject to the labor certification requirements of Section 212(a)(14) of the Immigration and Nationality Act with which they have not complied.

The applicants are natives of Germany and citizens of Israel. Mr. Blaich was admitted to the United States via pre-flight inspection at Montreal, Canada, on August 19, 1970. He was admitted as a visitor for pleasure for a period of twelve days. Subsequently, he changed his status to exchange visitor to participate in Program P III 2360 which is sponsored by the American Association for Jewish Education, New York City. His wife last entered the United States on July 29, 1971, at New York City. She was admitted as an exchange visitor also. However, the record is silent concerning her participation in any program. They have applied for adjustment of status to permanent resident alleging that the "Blanket Certification" provisions apply to Mr. Blaich as a religious worker.

Title 29, Code of Federal Regulations, Section 60.2(a) states in part:

"To facilitate the processing of requests for labor certification, Schedules and lists are provided below which contain determinations made by the Secretary of Labor, pursuant to the requirements of Section 212(a)(14) of the Immigration and Nationality Act, that:

(1) For the categories of employment described in Schedule A at Section 60.7 except for any geographic limitations therein set forth, there are not sufficient workers who are able, willing, qualified, and available for employment and the employment of aliens in such categories in such areas will not adversely affect the wages and working conditions of workers in the United States similarly employed."

Schedule A, 29 CFR 60 consists of three categories of employment for which the Secretary of Labor has, in effect, issued a blanket certification under Section 212(a)(14) of the Act.

Part 60.7, Group III(c) states:

"Any other person seeking admission to the United States to perform duties related to the nonprofit operation of a religious organization(1) if the duties which he will perform involve special skills, training, and experience which the alien possesses and which are related to the religious objectives of the organization and (2) if he intends to be engaged principally (more than 50 percent of this working time) in such duties. Examples of, persons coming within this subgroup are cantors and translators of religious tracts or texts who have the special capability of conveying through the translation the spiritual message to which such tracts or texts are directed and who will be engaged in such endeavors."

An alien whose occupation is within Schedule A is considered as having obtained a certification under Section 212(a)(14) of the Act upon determination by the district director that the alien is *qualified for* and will engage in such occupation. Uncontested documents in the file indicate that the male applicant, because of his training and experience and his moral and religious qualifications was offered employment with Valley Beth Shalom, Encino, California. His duties with that organization consist of being an instructor and translator of religious tracts, and to conduct religious classes and other spiritual functions and provide spiritual and moral guidance to the members of the synagogue. His employment there is to be for 20 hours per week. "For an additional 20 hours, he is employed as a religious teacher by the Los Angeles Hebrew High School, a nonprofit school sponsored by the Bureau of Jewish Education and the United Synagogues of America." He teaches Jewish Biblical materials, religious texts and other traditional Jewish sources.

The file also shows Mr. Blaich's pursuit of training and education in religious subjects which dates back to 1964 with his attendance at Beth Hakarim Teachers Institute, Jerusalem. Subsequently, he studied at the Hebrew University of Jerusalem, University of Judaism, Los Angeles and Georgia State University. Only at the latter was religion not a part of the curriculum. He has been employed as a religious instructor or translator almost continuously since 1964 in Israel, Canada, and the United States.

In his decision the district director states in part:

> . . . there is no exemption of the labor certification for teachers, per se. A teacher, even though he may teach the views of the religious organization by whom he is employed, nevertheless, may be basically employed to instruct in the secular and cultural aspects of the religious body.

Certainly a lay teacher who will devote most of his time to teaching secular subjects in a religious school does not qualify for the blanket certification provided for in Schedule A merely by reason of employment in such school. To meet the criteria for the blanket certification, it must be established that the duties to be performed involve special skills, training and experience which are related to the religious objectives of the organization; that the alien possesses these skills, training and experience; and that these duties will require more than half of his working time. Such is the case before us. We have a man who is well prepared with an obvious religious commitment and substantial experience desiring to remain in the United States in furtherance of, and principally to engage in an occupation related to his religious commitment. On review of the discussion above, we find that the applicant fully meets the requirements for blanket labor certification as provided by 29 CFR 60.7, Schedule A, Group III (c). His application will be approved.

**ORDER:** *It is ordered* that the application be approved upon the issuance of a nonpreference visa number by the Department of State.